IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD MURRAY,**
**et al.,**
                **Plaintiffs,**

      **v.**                              CASE NO. 07-3276-SAC

**KANSAS DEPARTMENT**
**OF CORRECTIONS, et al.,**

                **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Plaintiff Murray has also filed a motion to proceed without prepayment of fees. Plaintiffs Hunt and Kirkham have neither paid the filing fee nor submitted motions to proceed without prepayment of the fee.

Plaintiffs sue the Kansas Department of Corrections (KDOC); Gloria Geither, religious coordinator at LCMHF; and Karen Rohling, Warden at LCMHF. They claim violation of their First Amendment right to free exercise of religion and denial under the Fourteenth Amendment of equal protection of their religious rights.

As the factual basis for the complaint, it is alleged that on September 1, 2005, plaintiff Murray was transferred to EDCF Administrative Segregation, and for nearly two years "attempted to practice the Asatru religion" but defendants Geither and Rohling "refused to change IMPP 10-110 to permit solitary practitioners of the Asatru faith to have all of the religious ritual items required to conduct Blot in (their) cells." Plaintiffs complain that defendants, including the KDOC, refuse to change IMPP10-110 "to

recognize the Asatru Holy Days." They allege there are two main tenets of the Asatru religion, which they are being denied the right to practice. One is to know and use "Runes," described as twenty-four symbols made of wood, bone, and stone kept in a holy bag, and used with a "Rune casting cloth." The other is to conduct "Blot" with ritual items, including an altar cloth, kindred banner, wooden oath ring, wooden bowl, wooden "Gandr", Hlath, drinking horn, Thorr's hammer, evergreen sprig, sage, and incense. They further allege that feasting is part of the Blot ceremony, pork is sacred, and whole grains, fresh vegetables and fruits, cheese, juice and milk are consumed. Plaintiffs also allege that defendants refuse to contact their "spiritual advisor" to verify the tenets of Asatru. They claim defendants allow other inmates the privilege of practicing their religions, while denying plaintiffs the same treatment.

Plaintiffs generally ask that they be allowed to practice the mandatory tenets of the Asatru religion. They specifically ask that IMPP10-110 be changed to recognize all Asatru holy days, to allow inmates practicing Asatru in segregation to possess ritual items for monthly Blots and feasts, to allow a meal after every monthly Blot consisting of described foods, to make all available to individual as well as group worshipers, and to permit groups to worship outside because Asatru is nature-oriented. Plaintiffs also seek compensatory damages against all defendants for religious discrimination and denial of equal protection, and punitive damages against defendants Geither and Rohling.

**FILING FEE REQUIREMENTS**

Even though all three plaintiffs have signed the complaint, only Mr. Murray has submitted a motion to proceed without prepayment of fees (Doc. 2). Mr. Murray has submitted the appropriate documents in support of his motion, and appears to be without funds to pay the full or a partial fee at this time. Thus, his motion to proceed without prepayment of fees will eventually be granted. Mr. Murray will remain obligated to pay the full fee for filing this civil complaint of $350.00, and that fee obligation will be stacked upon his prior fee obligations still owing.

In order for Mr. Hunt and Mr. Kirkham, the other two plaintiffs who signed the complaint, to proceed herein, they too must each submit either a properly documented motion for leave to proceed without prepayment of fees or the full filing fee of $350.00. All plaintiffs are advised that each of them is responsible for paying the full filing fee for a civil complaint of $350.00. Being granted leave to proceed without prepayment of fees only entitles each plaintiff to pay the filing fee over time through payments which will be deducted automatically from each inmate's trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to 28 U.S.C. §1915(b)(1), each plaintiff will remain obligated to pay the full district court filing fee herein.

Plaintiffs Hunt and Kirkham will each be given time to submit either the full filing fee of $350.00 or a properly documented motion for leave to proceed without prepayment of fees. The failure of either plaintiff Hunt or Kirkland to satisfy the filing fee in one of these two ways within the time allotted by the court may result in dismissal of this action as brought in that plaintiff's name, without prejudice, and without further notice.

**IT IS THEREFORE ORDERED** that plaintiffs Hunt and Kirkham are granted twenty (20) days in which each of them must submit to the court either the full filing fee of $350.00 or a separate, properly documented motion to proceed without prepayment of fees.

The clerk is directed to transmit forms for filing motions to proceed without prepayment of fees to plaintiffs Hunt and Kirkham.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2007, at Topeka, Kansas.

<pre>
                                       s/Sam A. Crow
                                       U. S. Senior District Judge
</pre>