```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**RONALD MURRAY,**
**et al.,**

              **Plaintiffs,**

          v.                    CASE NO. 07-3276-SAC

**KANSAS DEPARTMENT**
**OF CORRECTIONS, et al.,**

              **Defendants.**

### O R D E R

      This civil rights complaint alleging interference with religious freedom and seeking injunctive as well as monetary relief under 42 U.S.C. § 1983, was filed by three inmates, while they were confined at the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). All three plaintiffs signed the complaint. However, initially only plaintiff Murray filed a motion to proceed without prepayment of fees.

      On November 13, 2007, this court entered an Order granting plaintiffs Hunt and Kirkham time to each submit either the full filing fee or a motion to proceed without prepayment of fees. Since then, plaintiffs have filed a Motion to Appoint Counsel (Doc. 4). Plaintiff Kirkham has filed a Notice of Dismissal of Plaintiff pursuant to Rule 41(a), FRCP (Doc. 5). Plaintiff Hunt has filed two motions for leave to proceed in forma pauperis (Docs. 6 & 7), and plaintiffs Murray and Hunt have filed a "Motion for Certification of Class Action and Motion to Appoint Counsel" (Doc.

8) with memorandum in support (Doc. 9).  Plaintiffs Murray and Hunt have also filed notices that they have been transferred to the Hutchinson Correctional Facility, Hutchinson, Kansas.

Also since the prior Order was entered herein, this court has ruled in other prisoner civil rights actions with multiple plaintiffs that such matters must be severed into separate actions in which each plaintiff proceeds on his own and is responsible for the full $350.00 district court filing fee.  See e.g., Hershberger and Ghane v. Evercom, 07-3152-SAC (Jan. 2, 2008)(copy attached).

Having considered all materials filed herein, the court finds as follows.

**PLAINTIFF KIRKHAM'S NOTICE OF DISMISSAL**

Plaintiff Kirkham is dismissed from this action, without prejudice, pursuant to his Notice of Voluntary Dismissal (Doc. 5).

**MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS ACTION COUNSEL**

The Motion for Class Certification and to Appoint Class Action Counsel (Doc. 9) filed by plaintiffs Murray and Hunt is denied.  Rule 23 of the Federal Rules of Civil Procedure (FRCP 23) allows for a class action suit to be maintained only if all four of the following prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims

and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FRCP 23(a). The party seeking class action certification "must show 'under a strict burden of proof' that all four requirements are clearly met." Trevizo v. Adams, 455 F.3d 1155, 1162 (10th Cir. 2006). Plaintiffs make conclusory allegations that all four factors are met in this case. For example, plaintiffs claim there is "an estimated total of one hundred inmates that are members of the Asatru religion confined in the KDOC." However, plaintiffs provide no factual basis for their estimate, and admit identities of class members can only be determined from defendants' records. Moreover, thus far the only factual allegations presented have related to the treatment of plaintiff Murray. KDOC prison inmates seeking injunctive relief to practice a certain religion and money damages must describe incidents including dates and places where they have requested and been denied such rights, and name as defendants those persons who actually denied their requests. The court cannot determine commonality within the putative class from facts relating only to Mr. Murray. Furthermore, as plaintiffs acknowledge, pro se prisoners are generally held not to qualify as representatives in a class action lawsuit. Plaintiffs' solution to their failure to satisfy the latter prerequisite is to argue that appointment of counsel is required in this action. Appointment of counsel in a prisoner civil rights action is discretionary with the court. Thus, plaintiffs have no right to counsel herein. The court declines to appoint counsel just to allow this action to

3

proceed as a class action when other prerequisites are not clearly satisfied. The court concludes that plaintiffs' motion for class certification and to appoint class action counsel (Doc. 9) must be denied.

**MOTION TO APPOINT COUNSEL**

Plaintiffs' Motion to Appoint Counsel (Doc. 4) is denied without prejudice at this time. As noted, there is no right to appointment of counsel in a federal civil rights action. Plaintiff Murray is a practiced litigator, and has thus far managed to adequately state the facts in support of his claim, and to follow procedures and file motions. A pro se plaintiff mainly needs to present facts that support his federal constitutional claims, and Mr. Murray is quite capable of so doing.

**SEVERANCE OF ACTIONS**

The $350.00 district court filing fee required by 28 U.S.C. § 1914 has not been paid. For the reasons stated in <u>Hershberger</u>, attached hereto, the court finds this matter must be severed into two separate actions in which each plaintiff proceeds on his own and is responsible for the full $350.00 district court filing fee. <u>See</u> <u>Hershberger</u>, 07-3152-SAC, at *3. Since the facts alleged in the instant complaint relate to plaintiff Murray and he has filed a motion indicating he qualifies to proceed without prepayment of even a partial filing fee, the court finds this action shall

4

proceed with Mr. Murray as the only plaintiff.  Accordingly, the court shall dismiss plaintiff Hunt from the instant action, and shall direct the clerk to open a new and separate complaint naming Jeff Hunt as the sole plaintiff.  The court will address Mr. Hunt's pending motion for leave to proceed in forma pauperis by entering an order in his new case once it is opened.

**IT IS THEREFORE ORDERED** the plaintiff Kirkham is dismissed from this action, without prejudice, pursuant to his Notice of Voluntary Dismissal (Doc. 5).

**IT IS FURTHER ORDERED** that plaintiff Hunt is dismissed from the instant complaint on the court's own motion.

**IT IS FURTHER ORDERED** that the clerk is to open a separate case for plaintiff Hunt with a copy of the complaint from the instant case, and to place copies of all pertinent filings from this case into Mr. Hunt's new case, which is to be assigned to the undersigned judge.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Appoint Counsel (Doc. 4), and plaintiffs' Motion for Certification of Class Action and Motion to Appoint Class Action Counsel (Doc. 8) are denied.

**IT IS SO ORDERED**.

Dated this 25th day of March, 2008, at Topeka, Kansas.

5

s/Sam A. Crow
U. S. Senior District Judge