Ronald Murray 80060

Name
H.C.F., P.O BOX 1568

Hutchinson, Kansas 67504

Address

**FILED**

MAY 27 2008

Clerk, U.S. District Court
By _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| Ronald Murray , Plaintiff | CASE NO. 07-3276-KHV-JPO |
|---|---|
| (Full Name) | (To be supplied by the Clerk) |
| | Jury Trial Demanded |
| v. | |
| KANSAS DEPARTMENT OF CORRECTIONS, ET.AL., Defendant(s) | THE AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 and 42 U.S.C. 2000c.c. |

### A. JURISDICTION

1) Ronald Murray , is a citizen of Kansas
   (Plaintiff)                              (State)
   who presently resides at H.C.F.,P.O. BOX 1568, Hutchinson,
                            (Mailing address or place
   Kansas, 67504
   of confinement)

2) Defendant KANSAS DEPT. OF CORRECTIONS is a citizen of
             (Name of first defendant)
   KANSAS                                  , and is employed as
   (City, State)
   Kansas department of corrections. At the time the claim(s)
   (Position and title, if any)
   alleged in this complaint arose, was this defendant acting under the color of
   state law?  Yes [X]  No [ ]  If your answer is "Yes", briefly explain:
   Kansas D.O.C., is liable for Constitutional violations caused
   by their policy statements, ordinance, regulation or decision
   officially adapted and promulgated by that body's officers
   The Kansas D.O.C. can Sue and be sued. (cont. Pg 1A)

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

The Kansas D.O.C. is also liable for failure to make policy and take action to prevent predictable violations of rights of its prisoners. The Kansas D.O.C., as a public entity, while excercising its responsibilities pursuant to state law, was acting under color of state law at all times relevant to the claims alleged herein.

3) Defendant <u>Gloria Geither</u> is a citizen of
   *(Name of second defendant)*
   <u>Topeka, Kansas</u>, and is employed as
   *(city, state)*
   <u>Religious Coordinator</u>. At the time the claim(s)
   *(Position and title, if any)*
   alleged in this complaint arose was this defendant acting under the color of state law?   Yes ☒   No ☐. If your answer is "Yes", briefly explain:
   <u>As a public employee acting in her official capacity and while</u>
   <u>excercising her responsibilities pursuant to state law, her</u>
   acts were performed under color of state (cont. pg 2A)
   (Use the back of this page to furnish the above information for additional defendants.)

   51343(3); 42

4) Jurisdiction is invoked pursuant to 28 U.S.C. U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)
   42 U.S.C. §1983 and 42 U.S.C. §2000 c.c. (Religious Land Use
   and Institutionalized Persons Act)

## B. NATURE OF THE CASE

1) Briefly state the background of your case. This is a Civil Rights action pursuant to 42 U.S.C. §1983 and 42 U.S.C. 2000c.c., alleging religious discrimination against the plaintiff, the Asatru Religion and other Asatru religious members. The defendants, individually and collectively, have imposed a substantial burden on the religious excercise of the plaintiff, whom resides in or is confined to an institution, in violation of R.L.U.-I.P.A. These substantial burdens have effectively denied the plaintiff reasonable opportunities to engage in those activities that are fundamental to the plaintiffs religion, Asatru, and his sincerely held religious beliefs. The defendants refuse to change IMPP 10-110 to accomodate the plaintiffs religious needs. The defendants have seized and destroyed the plaintiffs religious materials, which has substantially burdened his religious beliefs.

-2-

law. She has the power to modify and/or change policy, hence she has the power to correct the violation(s) and a duty to act. She is liable for failing to take action to prevent predictable violations of rights of prisoners.

**3A)** Defendant Karen Rohling is a citizen of Kansas and is employed as Warden of LCMHF. Yes, she was acting under color of state law. She knew or should have known of these Constitutional violations and is liable for failing to correct them. She has a duty to write and enforce regulations as well as giving orders to LCMHF employees. She is liable for failure to take action to prevent predictable violations of rights of prisoners.

**3B)** Defendant CHAPLAIN McKIERNAN is a citizen of Kansas and is employed as chaplain of LCMHF. Yes, he was acting under color of state law. He knew or should have known of these Constitutional rights violations and is liable for failing to correct them.

**3C)** Defendant SORT OFFICER J. DAVIDSON is a citizen of Kansas and is employed as a SORT Officer in H.C.F. Yes, he was acting under color of state law. He is liable for the Constitutional rights violations.

**3D)** Defendant SORT OFFICER T. COLLIS is a citizen of Kansas and is employed as a SORT OFFICER in H.C.F. Yes, he was acting under color of state law. He is liable for the Constitutional rights violations.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: <u>Plaintiff alleges violation of 42 U.S.C. §1983</u> by virtue <u>of the defendants infringement of the plaintiffs rights</u> under the First Amendment, and violation of 42 U.S.C. §2000c.c.-1, the <u>Religious</u> <u>Land Use and Institutionalized Persons Act (RLUIPA).</u>

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) 1) On September 2, 2005, plaintiff was transferred from Lansing to EDCF Administrative Segregation.

2) On September 2, 2005, CO II S.JOnes confiscated the plaintiffs ritual items, which were the plaintiffs Altar cloth, rune casting cloth, sacrificial wooden bowl, ritual mead horn, a leather gandr, runes and a ritual wooden Thorrs Hammer.

3) On September 17, 2005, plaintiff requested a special diet for October 15, 2005 to conduct a blot called "Winter Nights."

4) On September 19,2005, the religious request was denied by chaplain Dow, stating only YULE could be observed by the plaintiff,(cont.pg3A)

B)(1) Count II: N/A

(2) Supporting Facts:
N/A

-3-

per Gloria Geither.

5) On November 16, 2005, Robert Sapien responded to a Form-9 dated 11-9-2005, stating,"that plaintiffs religious materials had been destroyed."

6) On November 8, 2005, the defendants seized the plaintiffs incoming religious literature that was mailed to plaintiff by his religious advisor, Raven Karn of the Raven Wolf Tribal Alliance (RWTA), religious organization of Normal Illinois.

7) On December 6, 2005, plaintiff filed a property claim form for the destroyed religious items.

8) On January 12, 2006, the property claim was disapproved.

9) From September 2005 to June 21, 2007, the plaintiff submitted monthly religious accomodation requests, pursuant to policy, to the chaplains office in EDCF, so he could attempt to perform monthly Blot and feast in his cell.

10) All religious accomodation requests were denied, except YULE (December) requests.

11) The defendants prohibited and prevented the plaintiff from adhering to his sincerely held religious beliefs by not accomodating his religious requests for ritual items and meals. No other alternatives were ever afforded to plaintiff at EDCF.

12) The plaintiffs sincerely held religious beliefs prohibit the use of man-made plastics as ritual items, rather these items must be made of wood, bone, stone or precious metals.

13) On June 21, 2007, plaintiff was transferred to LCMHF.

14) Plaintiff requested religious accomodations to defendant McKiernan from June 21, 2007 to March 6, 2008, every month, pursuant to policy for the performance of monthly blots and feasts.

15) Defendants McKIERNAN and Rohling denied all religious requests, including YULE, from the plaintiff and all Asatru religious members housed in LCMHF.

16) On November 27, 2007, Officers Thompson and Johns conducted a cellsearch of plaintiffs cell, where they took plaintiffs ritual wooden Thorrs hammer and lost it.

17) The plaintiff filed grievances on the issue, however, defendant Rohling denied the grievances stating that the K.A.R.'s prohibits the use of the grievance procedure to address this concern.

18) On March 6, 2008, plaintiff was transferred to H.C.F.

19) On March 14, 2008, the plaintiff was returning to his cell from breakfast, when he noticed that SORT OFFICER J.Davidson was following him

3A

to his cellhouse.

20) Approximately two hours later, defendants J. Davidson and T.Collis pulled the plaintiff from his cell to conduct a shakedown oF the cell.

21) Defendant J.Davidson ordered the plaintiff to remove his shirt, which plaintiff promptly did.

22) Defendant J. Davidson began to harrass the plaintiff about his tattoos and religion.

23) Defendant J. Davidson ordered the plaintiff to remove his ritual wooden Thorrs hammer necklace and give it to the defendant, which the plaintiff promptly did.

24) The plaintiff was then ordered to the front of the cellhouse while the defendants Davidson and Collis searched his cell.

25) The defendants took the plaintiffs drawings that he was working on for the H.C.F. Freedom Challenge Art Contest.

26) The defendants also took religious and political literature.

27) After the cellsearch, defendant Davidson harrassed the plaintiff again by ordering him to remove his shirt, which plaintiff promptly did, and which prompted defendant to question plaintiff about his religion, Asatru.

28) Defendants Davidson and Collis refused to return the plaintiffs religious Thorrs hammer which is a necessary and mandatory religious item essential for the practice of the Asatru/Odinist faith.

29) The Plaintiff filed a property claim on the Thorrs hammer, since policy forbids the use of the grievance process to resolve this issue.

30) For nearly two to three years Plaintiff has attempted to practice the Asatru religion, however, K-DOC, Gloria Geither, Karen Rohling, chaplain McKiernan and other K-DOC EMPLOYEES have refused to change IMPP 10-110 to permit solitary practitioners of the Asatru faith to have all of the religious ritual items required to conduct blot in our cells.

31) The K-DOC, Gloria Geither, Karen Rohling, Chaplain McKiernan and other K-DOC Officials refuse to change IMPP 10-110 to recognize the Asatru Holy days and allow Asatru members to worship/conduct blot on these Holy days.

32) There are, at least, one Holy day per month. Blot is similar to a ceremony or prayer in honor of a specific Deity(God or Goddess).

33) The K-DOC, Gloria Geither, Karen Rohling, Chaplain McKiernan and other K-DOC Officials refuse to change IMPP 10-110 to allow the Asatru practitioners to feast after the monthly blots, which is an essential and central requirement of the religion.

3B

34) There are TWO Tenets of the Asatru Religion. Number one, is to know and use the Runes, which are 24 religious symbols made of wood, bone, stone or precious metal and kept in a Holy Bag made of leather or other suitable materials, plus the runes are used with a Rune Casting cloth. Number two, is to conduct Blot.

35) One must have Ritual Items in order to conduct Blot, Such as an Altar Cloth, Kindred Banner, Wooden Oath Ring, Wooden Bowl, Wooden Gandr, Hlath, Drinking Horn or Horn Cup, Thorrs Hammer (ritual and Necklace), Evergreen sprig, sage, incense, etc.

36) Plaintiffs Allfather Odinn commands him to do these two things.

37) Feasting after the Blot is actually part of the religious ceremony. Pork is sacred to Asatruars. We also eat whole grains foods, fresh vegetables, fruit, cheese, juice and milk.

38) The K-DOC, Gloria Geither, Karen Rohling, Chaplain MacKiernan and other K-DOC OFFICIALS refuse to contact plaintiffs spiritual advisor to verify the tenets of his religion and to accomodate plaintiffs religious needs in accordance to his sincerely held religious beliefs and the by-laws of the RWTA.

39) Rather, the defendants allow and give privelages to the X-tians, Muslim and Jewish faiths, while denying these same privelages to the Asatru religion. Even the Native American religion receives religious accomodations similar to that which plaintiff requests.

40) The plaintiffs are being forced to violate their sincerely held religious beliefs because the defendants refuse to contact plaintiffs religious advisor and to change policy to accomodate the plaintiffs and all Asatru religious needs. The plaintiffs have no other alternatives to practice freely in their cell.

C) (1) Count III: N/A

(2) Supporting Facts: N/A

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes☐ No☒. If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: N/A

   Defendants: N/A

   b) Name of court and docket number N/A

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

   d) Issues raised N/A

-4-

e) Approximate date of filing lawsuit ___N/A___

f) Approximate date of disposition ___N/A___

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C ☒ Yes ☐ No . If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought. Plaintiff has exhausted all administrative remedies by filing grievances pursuant to policy. Grievances No.'s: 13394 filed on 9-7-2005, which was responded to by U.T. on 9-13-2005, and the warden provided a response on 9-16-2005. On 9-17-2005, Murray appealed the decision to the S.O.C. who responded. Grievance No. 13687 was filed on 11-21-2005, and was appealed to the S.O.C. on 12-6-2005. On 6-23-2007, Murray wrote a form-9 to chaplain (cont.pg 5A)

### E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: A declatory judgment stating that his religious rights were infringed in violation of the first amendment and under RLUIPA by the defendants; provide Injuctive relief in changing IMPP 10-110 to accomodate All Asatruars, including plaintiffs, religious needs of practicing the mandatory tenets of the Asatru religion as established in the ByLaws of the R.W.T.A. of Normal Illinois. Change policy 10-110 to recognize all holy days as established in (cont.pg.5B)

___N/A___  
Signature of Attorney (if any)

_Ron Murray_  
Signature of Petitioner

_____  
_____  
(Attorney's full address and telephone number)

McKiernan respectfully requesting the opportunity to practice Asatru in accordance to the mandatory tenets. The chaplain responded denying any relief. On 7-10-07, Murray wrote a Form-9 to the U.T. attempting to informally attempting to resolve the problem. On 7-10-07, he responded. On 7-10-07 Murray wrote a grievance. On 7-17-07 a response was rendered denying relief. On 7-18-07, Murray forwarded to the warden. On 7-20-07, defendant Rohling responded, grievance No. IA-001837. On July 27, 2007, Murray appealed the grievance to the S.O.C. thereby exhausting all administrative remedies. See also; Grievance No. IA -001851; IA-001878; and IA-001885; IA 001879.

the RWTA BYLAWS and to allow individual inmates, whether in segregation or general population, to possess all ritual items for monthly Blots/feasts in their cells, to allow for a meal after every monthly Blot consisting of described foods as outlined in the RWTA Bylaws.

Plaintiff seeks compensatory damages against all defendants for religious discrimination, denial of equal protection, denial of first and fourteenth Amendment rights and denial of 42 U.S.C. 2000 c.c.-1.

Plaintiff seeks punitive damages against defendants Geither, Rohling, McKiernan, Davidson and Collis.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at __H.C.F._____ on __May 21,_____, 20__08__.
                        *(Location)*                              *(Date)*

_____
*(Signature)*

-6-