## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONALD MURRAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No.: 07-CV-3276 - EFM/JPO |
| **KANSAS DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY MEMORANDUM IN SUPPORT
### OF DEFENDANTS' MOTION TO DISMISS

Defendants Kansas Department of Corrections, Gloria Geither, Karen Rohlig, Steve McKiernan, Jeremy Davidson, and Travis Collins (Defendants), by and through their counsel, Kimberly Grunewald, Assistant Attorney General, respectfully submit this Reply Memorandum in Support of Defendants' Motion To Dismiss.

### ARGUMENTS AND AUTHORITY

**I.   THE KANSAS DEPARTMENT OF CORRECTIONS IS NOT A MUNICIPALITY SUBJECT TO SUIT PURSUANT TO 42 U.S.C. §1983 AND MUST BE DISMISSED AS A DEFENDANT.**

In his complaint, Plaintiff named the Kansas Department of Corrections (KDOC) as a party-defendant. As argued in the Defendants' motion to dismiss, the Eleventh Amendment and 42 U.S.C. §1983 bar suits seeking to impose liability against a state or state agencies, such as KDOC. Plaintiff, in response, maintains that KDOC is a municipality subject to §1983 liability pursuant to <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). Plaintiff's argument fails because KDOC is not a municipality. In Kansas, a municipality is a branch of local government, specifically defined as:

> [C]ounty, township, city, school district of whatever name or nature, community junior college, municipal university, drainage district, cemetery district, fire district, and other political subdivision or taxing unit, and including their boards, bureaus, commissions, committees and other agencies, such as, but not limited to, library

>board, park board, recreation commission, hospital board of trustees having power to create indebtedness and make payment of the same independently of the parent unit.

>K.S.A. 12-105a(a).

KDOC, on the other hand, is an arm of the state. See K.S.A. 75-5201. KDOC, as a state agency, is immune from suit under the Eleventh Amendment and is not a "person" for purposes of liability under §1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (By operation of the Eleventh Amendment, which applies to states and state agencies but not municipalities, state entities are not "persons" subject to liability under §1983 while branches of local government are.) As such, KDOC is not subject to liability for damages under §1983 and Plaintiff's claims against it must be dismissed.

**II.    PLAINTIFF'S CLAIMS BASED ON CONDUCT THAT OCCURRED PRIOR TO OCTOBER 31, 2005, ARE TIME-BARRED.**

While 42 U.S.C. §1983 does not contain an express statute of limitations, courts must adopt the forum state's limitation period for personal injury claims. Wilson v. Garcia, 47 U.S. 261, 276, 105 S.Ct. 1983 (1985). The applicable Kansas statute of limitations for §1983 claims is the two-year statute of limitations found at K.S.A. § 60-513(a)(4). Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630 (10th Cir.1993). Plaintiff filed his original complaint on October 31, 2007. (Doc. 1). The applicable statute of limitations mandates that Plaintiff may only bring suit for constitutional violations that occurred within the previous two years. As such, Plaintiff's claims based on actions that occurred between September 2, 2005, and October 31, 2005, (Pltf's Amended Complaint, pg. 3, ¶¶2-4; pg. 3A, ¶¶9-11 ) are untimely and should be dismissed.

WHEREFORE, Defendants Kansas Department of Corrections, Gloria Geither, Karen Rohlig, Steve McKiernan, Jeremy Davidson, and Travis Collins, respectfully request this Court dismiss the Kansas Department of Corrections as a defendant in this matter and dismiss any claims relating to actions that occurred prior to October 31, 2005.

        Respectfully Submitted,

        OFFICE OF KANSAS ATTORNEY GENERAL
        STEVE SIX

By:    s/ Kimberly Grunewald
        Kimberly M. Grunewald #23191
        Assistant Attorney General
        120 SW 10th Ave., 2nd Floor
        Topeka, KS 66612
        (785) 296-2215

**CERTIFICATE OF SERVICE**

This is to certify that a copy of Defendants' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS was served by depositing same in the United States Mail, first class postage prepaid, the 28th day of October, 2008, to:

Ronald Murray
Harvey County Detention Center
PO Box 267
Newton, KS 67114

I further certify that on October 27, 2008, I electronically filed the Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss, as well as this Certificate of Service with the Clerk of the Court by using the CM/ECF system.

                                          s/ Kimberly Grunewald
                                          Kimberly M. Grunewald #23191
                                          Assistant Attorney General
                                          Attorney for Defendants
                                          120 SW 10th, 2nd Floor
                                          Topeka, KS 66612-1597
                                          (785) 296-2215