## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD MURRAY,

     *Plaintiff*,

vs.              Case No. 07-3276-EFM

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

     *Defendants*.

### MEMORANDUM AND ORDER

   Presently before the Court is Defendants' Motion to Dismiss (Doc. 58), seeking dismissal of all claims alleged against the Kansas Department of Corrections ("KDOC") based on Eleventh Amendment immunity, and all 42 U.S.C. § 1983 claims alleged against all Defendants made prior to October 31, 2005.  The motion has been fully briefed.  For the following reasons, the Court grants the motion in part.

### I. Background

   *Pro se* Plaintiff Ronald Murray brings suit against Defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Plaintiff practices the religion of Asatru.  Plaintiff alleges that Defendants violated his religious beliefs by not accommodating his requests for various religious items and meals.

-1-

For the purposes of this Motion, the Court has taken the allegations made in Plaintiff's Amended Complaint as true.

On September 2, 2005, Plaintiff was transferred from Lansing Correctional Facility to El Dorado Correctional Facility ("EDCF").  On this date, Correctional Officer S. Jones, who is not a defendant in this matter, confiscated Plaintiff's religious items, which were later destroyed. On September 19, 2005, Plaintiff's request for a special diet was denied by Chaplain Dow, who is also not a defendant in this matter, "per [Defendant] Gloria Geither."[1]  On a monthly basis from September 2005, until June 21, 2007, Defendant requested, and was denied, the right to perform a monthly blot and feast in his cell.  On November 8, 2005, EDCF seized religious material sent to Plaintiff from his religious advisor.

On June 21, 2007, Plaintiff was transferred from EDCF to Larned Correctional Mental Health Facility ("LCMHF").  While at LCMHF, Plaintiff's continued requests to perform blot and feast in his cell were denied by Defendants Karen Rohling and Steve McKiernan.  Also while at LCMHF, unnamed LCMHF employees confiscated Plaintiff's ritual wooden Thorrs hammer and lost it.

On March 6, 2008, Plaintiff was transferred to Hutchinson Correctional Facility ("HCF"). On March 14, 2008, Defendants Jeremy Davidson and Travis Collins searched Plaintiff's cell. During the search, Defendants Davidson and Collins harassed Plaintiff about his tattoo's and religion, and confiscated Plaintiff's Thorrs hammer necklace, drawings, and religious and political materials.[2]

---

[1]Doc. 22; p.5-6 ¶5.

[2]These allegation were added after October 31, 2007, in Plaintiff's Amended Complaint.

Plaintiff filed his initial complaint on October 31, 2007.  Defendants assert (1) that the Kansas Department of Corrections is not subject to suit pursuant to the Eleventh Amendment of the United States Constitution and should be dismissed as a defendant; and (2) that Plaintiff's claims based on conduct that occurred prior to October 31, 2005, are time barred and should be dismissed.

## II.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[5]

In ruling on a motion to dismiss for failure to state a claim, the Court assumes as true all well pleaded facts in the complaint and views them in the light most favorable to the plaintiff.[6]  The court, however, need not accept as true those allegations which state only legal conclusions.[7]  Although a plaintiff need not precisely state each element of its claims, it must plead minimal factual

---

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[6]*See Zinerman v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

allegations on those material elements that must be proved.[8]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10]  "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]  "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." It is the Plaintiff's burden to allege that there are, "enough facts to state a claim to relief that is *plausible* on its face."[12]  A Rule 12(b) dismissal is appropriate, however, only where it is " 'patently obvious' that the plaintiff could not prevail on the facts alleged, and [where] allowing [him] an opportunity to amend [his] complaint would be futile."[13]

---

[8]*Id.*

[9]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal citations and quotations omitted).

[10]*Hall*, 935 F.2d at 1110.

[11]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

[12]*Bafford v. Pokorski*, 2008 WL 2783132, at *1 (D. Kan. July 17, 2008) (citing *Twombly*, 550 U.S. 570 (1974)).

[13]*Whitney*, 113 F.3d at 1173 (citing *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)).

### III.  Analysis

**A. The Applicability of 42 U.S.C. § 1983 and RLUIPA Under Plaintiff's Complaint**

Plaintiff alleges, pursuant to 42 U.S.C. § 1983 and RLUIPA, that Defendants violated his right to freely exercise his religious beliefs.  Defendants seek to dismiss Plaintiff's allegations on the premise that Plaintiff has improperly brought suit against KDOC, a state agency which is immune from suit under the Eleventh Amendment of the U.S. Constitution.  The Court concludes from the allegations in Plaintiff's Complaint that KDOC is not subject to suit under either 42 U.S.C. § 1983 or RLUIPA.

Generally, under the Eleventh Amendment, a state is immune in law or in equity for damages or any other relief in any action brought by any citizen.[14]  Furthermore, "civil rights suits against the state of Kansas or one of its agencies are absolutely barred by the Eleventh Amendment."[15]  However, there are two exceptions to this rule.[16]

First, "suits seeking declaratory or injunctive relief against state officials are not barred."[17]  This exception is not applicable to Defendants Motion to Dismiss because Plaintiff brings suit against KDOC, a state agency, and not against a state official of KDOC.  Second, a state may be

---

[14]U.S. Const. Amend. XI; *see also Lee v. McManus*, 589 F. Supp. 633, 637 (D. Kan. 1984) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

[15]*Lee,* 589 F.Supp. at 637 (*see also Brennan v. University of Kansas*, 451 F.2d 1287 (10th Cir. 1971)).

[16]*Id.*

[17]*Id.* at 637-38 (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

sued directly when Congress expressly allows it through legislation or when a state has waived it's immunity.[18]

Although 42 U.S.C. § 1983 and RLUIPA are congressional legislation, Plaintiff's 42 U.S.C. § 1983 claim must be dismissed because of Eleventh Amendment immunity, and Plaintiff's RLUIPA claim must be dismissed because Plaintiff has not alleged the necessary prerequisite facts.

### a. 42 U.S.C. § 1983 claim.

The Eleventh Amendment gives KDOC immunity from any claim brought by Plaintiff under 42 U.S.C. § 1983 because Congress expressly stated in the statutory language that only "persons" can be sued.  42 U.S.C. § 1983 provides in part:

> "*Every person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."[19]

The Supreme Court has ruled that the "every person" language of 42 U.S.C. § 1983 includes neither states, nor state officials acting in their official capacity.[20]  This Eleventh Amendment immunity also extends to a state's agencies and officers.[21]  While Plaintiff is correct that Eleventh Amendment immunity does not extend to municipalities,[22] KDOC is not a municipality, but instead, is a state

---

[18]*Id.* at 638 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)).

[19]42 U.S.C. § 1983.

[20]*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

[21]*Rouse v. Colo. State Bd. of Parole*, 2007 WL 1969683, at *2 (Colo. July 9, 2007) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

[22]*Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).

agency.[23]  Thus, because KDOC is a state agency and state agencies are not subject to suit under 42 U.S.C. § 1983, the Court must dismiss Plaintiff's claims against KDOC brought pursuant to 42 U.S.C. § 1983.

### b. RLUIPA claim.

Unlike 42 U.S.C. § 1983, RLUIPA satisfies the second exception of Eleventh Amendment immunity because it allows a private cause of action against a state.[24]  RLUIPA expressly provides, in part, that any person may "assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a *government*."[25]  However, before a citizen can sue the federal government under RLUIPA, the statute requires that the substantial burden complained of by the Plaintiff "be imposed in a program or activity that receives federal financial assistance or that the alleged substantial burden affect interstate or foreign commerce."[26]

The statutory definition of "government" under RLUIPA includes states and their agencies.[27]  Accordingly, a private citizen can sue a state under the statutory construction of RLUIPA.  However, although a citizen can directly sue the government under RLUIPA, in the present action Plaintiff cannot invoke RLUIPA because he has not alleged that KDOC received federal funding nor has Plaintiff alleged that he experienced a substantial burden that would affect interstate or foreign commerce.  Accordingly, as pleaded in Plaintiff's Amended Complaint, this Court finds that

---

[23]See K.S.A. § 75-5201.

[24]*Madision v. Virginia*, 474 F.3d 118, 130-31(4th Cir. 2006).

[25]42 U.S.C. § 2000cc-2(a).

[26]*Ephraim v. Angelone et. al.*, 313 F. Supp. 2d 569, 575 (E.D. Va. 2003) (citing 42 U.S.C. § 2000cc-1(b) (2002)), *aff'd*, 68 Fed. Appx. 460 (4th Cir. 2003), *cert. denied*, 540 U.S. 1121(2004).

[27]*Madison*, 474 F.3d at 130 (citing 42 U.S.C. § 2000cc-5(4)(A)).

-7-

RLUIPA does not apply to this case, and therefore, dismisses Plaintiffs cause of action for failure to state a RLUIPA claim.  However, because a dismissal is only appropriate where the plaintiff could not prevail on the facts alleged, and where allowing him an opportunity to amend his complaint would not be futile, we grant Plaintiff leave to Amend his Complaint only with regard to his RLUIPA claims.  Plaintiff shall have  thirty days from the date of this order in which to file his Amendment.

### B. Statute of Limitations.

Defendants allege that Plaintiff's claims arising from conduct occurring prior to October 31, 2005, are time barred under 42 U.S.C. § 1983.  Plaintiff provides no arguments regarding the appropriate statute of limitations in his Response to Defendant's Motion to Dismiss.

Congress did not expressly provide a statute of limitations within the text of 42 U.S.C. § 1983.  However, Congress has directed courts to turn to state law to determine the relevant statute of limitations in civil rights cases where federal law is deficient.[28]  "The first step in selecting the applicable state statute of limitations is to characterize the essential nature of the federal action."[29] The Tenth Circuit has already addressed claims under 42 U.S.C. § 1983, and has determined that these claims are best characterized as personal injury actions.[30]  Kansas law  provides that "an action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years.[31]  Because 42 U.S.C. § 1983 is characterized as a personal injury action

---

[28]*Baker v. Bd of Regents*, 991 F.2d 628, 630 (10th Cir. 1993) (citing 42 U.S.C. § 1988 (1981 & Supp. 1992)).

[29]*Id.* (citing *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984)).

[30]*Id.*

[31]K.S.A. § 60-513(a)(4).

and Congress has directed courts to turn to state law, we conclude that the statute of limitations for Plaintiff's 42 U.S.C. § 1983 claims is two years.[32] Accordingly, because Plaintiff filed this action on October 31, 2007, any 42 U.S.C. § 1983 claim that occurred prior to October 31, 2005 is barred, and therefore, dismissed as to all defendants.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 58) is hereby Granted in part. All claims against Defendant Kansas Department of Corrections made under 42 U.S.C. 1983 are hereby DISMISSED.

**IT IS FURTHER ORDERED** that any and all claims under 42 U.S.C. § 1983 occurring prior to October 31, 2005, are time barred, and therefore, DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days from the date of this Order to amend his Complaint with respect to his 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims concerning Defendant Kansas Department of Corrections ("KDOC"). If the Plaintiff fails to amend his Complaint so as to sufficiently allege his RLUIPA claims consistent with this Order, within 30 days, said claims will be DISMISSED.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[32]*See Baker,* 991 F.2d at 630-31 (citing K.S.A. § 60-513(a)(4)).